**KLEIN, Plaintiff, v. B. F. GOODRICH COMPANY, a Corporation, Defendant.**

Common Pleas Court, Summit County.

No. 175348.   Decided February 21, 1952.

Maurice Shapiro, Cleveland, for plaintiff.
Wm. A. Kelly of Wise, Maxon, Roetzel, Kelly, Akron, for defendant.

## OPINION

By WATTERS, J.

In Crumpton v. Goodrich Company, which went up from Summit County, the Supreme Court of Ohio sustained the Common Pleas Court, which court, on motion of the defendant company, dismissed the proceedings in Common Pleas Court for want of jurisdiction. This was decided in 1942 in **139 Oh St, 383.**

At that time the Court applied §1465-90 GC as it was in 1925, that is, **111 Ohio Laws, 227.**

The present case involves §1465-90 GC as it existed in 1947, which is practically the same as it was in 1937. (**122 Ohio Laws, 278.**)

The original order of the Commission, entered December, 1934, in the Crumpton case reads as follows:

"That claimant's application for adjustment filed January 26, 1934, be dismissed, for the reason that he has not established the fact that he suffered any disability in excess of that for which he has previously been compensated by the employer for the injury in question."

In other words, the Commission, on a purely non-jurisdictional ground, disallowed the claim, from which no appeal could be taken. However claimant then filed a motion or application for a rehearing which the Commission allowed.

Upon the rehearing the Commission again denied the claim and after overruling the company's motion to dismiss, entered this order:

"* * *, upon rehearing, finds that claimant's present disability is not the result of, nor connected with, the injury of June 14, 1929; that further compensation be denied."

This order was a denial on a jurisdictional ground from which ordinarily appeal would lie then and now.

The court held, **139 Oh St, 383:**

Syllabus:

"Where the Industrial Commission has disallowed a claim **on a non-jurisdictional ground,** but has, nevertheless, erroneously, granted a rehearing thereon and then denied compensation **on a jurisdictional ground,** the original order of disallowance is not vacated by the granting of such rehearing or by an appeal to the Common Pleas Court from the order issued after rehearing, and a motion to dismiss such appeal is properly sustained." (Emphasis by the court.)

In the instant case now before this court, the original order entered by the Commission (Motion Exhibit 5) is as follows:

"That the claimant's application for adjustment filed herein on August 24, 1948, wherein she alleges she has developed a cold and sinus condition as result of injury, be denied, for the reason medical proof of record fails to show she was disabled in excess of the period for which she had been previously compensated; there is no basis therefore for the payment of any further compensation.

"**Further find the sinusitis and bronchitis was not due to or aggravated by the injury covered in the instant claim.**"

In this court's opinion the first paragraph of the order was probably a denial purely on a non-jurisdictional ground as in **139 Oh St 283.** However the order goes further and contains

the wording contained in the second paragraph as above. This part of the order is without doubt a denial or disallowance of the claim on a jurisdictional ground.

See §1465-90 GC found in **122 Ohio Laws at page 278 (1947),—** "* * * that the claimant's disability is not the result of the injury; * * *."

Thereafter, after the rehearing was ordered and had, the following order was made:

"That the Industrial Commission find from proof of record on rehearing that the claimant's disability is not the result of an injury sustained in the course of and arising out of employment; that the claim be disallowed on rehearing."

In **132 Oh St, 263, Humphries v. Wheeling Steel Corporation,** the court ruled in **Syllabus 3:**

"Where the Industrial Commission finds that the present physical disability of claimant is not due to injuries received while in the course of employment, it thereby implies that it has no authority to and did not inquire into the extent of disability or into the amount of compensation to be awarded."

See other cases cited in the opinion on this point decided by the Ohio Supreme Court.

In the instant case the Commission **"Further find the sinusitis and bronchitis was not due to or aggravated by the injury covered in the instant claim."**

The Commission is presumed to have had in mind **§1465-90 GC** then applicable **(122 Ohio Laws, at page 277)** and the appealable ground therein, to-wit "that the claimant's disability is not the result of the injury."

It is to be presumed that the Commission was fully cognizant of **Crumpton v. Goodrich Company,** decided in 1942, **139 Oh St, 383.**

Furthermore the Commission thereafter did grant the rehearing and denied the claim on the same jurisdictional ground.

The courts should liberally construe the Workmen's Compensation Act and should not make a strained narrow interpretation thereof.

See **Roma v. Industrial Commission, 97 Oh St 247** at **253** and discussion in **132 Oh St at page 267 (Humphries v. Steel Corporation).** See also **McManus v. Industrial Commission, 66 Oh Ap 14.**

It is not improper to say that actually they are saying in the first part of the order practically what they said in the latter part.

This court believes that having denied the claim on jurisdictional grounds, it is immaterial whether or not they also denied the claim upon other grounds.

The motion of the defendant to dismiss the case for want of jurisdiction in this court is overruled with exceptions.

Journal entry may be drawn in accordance with this finding.